UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA SUCHINI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant,

Case No. 8:24-CV-01467-KCD

## ORDER

Plaintiff Ana Suchini challenges the Commissioner of Social Security's decision denying her application for disability benefits under 42 U.S.C. § 405(g). (Doc. 18.)[1] For the reasons below, the Commissioner's decision is affirmed.

## I. Background

Suchini filed for benefits in 2021. (Tr. 174.) Her application was denied initially and again on reconsideration. She then exercised her right to a hearing before an Administrative Law Judge ("ALJ"), who issued the unfavorable decision now under review. (Tr. 10-24.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." with a pin-cite if needed.

Following a hearing, the ALJ found Suchini not disabled. To make that determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 404.1520(a).[3] The ALJ found that although Suchini had severe impairments of irritable bowel syndrome, colitis, depression disorder, anxiety disorders, degenerative disc disease, sclerosis arthritis, and migraines, she retained the residual functional capacity ("RFC") to engage in light work with certain non-exertional limitations:

> she can frequently climb ramps, stairs, ladders, ropes or scaffolds and stoop. She must avoid concentrated exposure to noise and hazards. She can understand, remember, and carry out simple instructions. She can maintain attention, concentration, and pace for two-hour increments in an eight-hour workday. Changes in the workplace are occasional and gradually introduced. She can have occasional interaction with coworkers, supervisors, and the general public.

(Tr. 16.)

After considering the RFC and other evidence, including vocational expert testimony, the ALJ ultimately concluded that Suchini could not perform her past relevant work but could perform other jobs in the national economy.

---

[3] An individual claiming Social Security disability benefits must prove she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

(Tr. 22-23.) Thus, Suchini was not disabled as that term is defined in this context. (*Id.*) Suchini further exhausted her administrative remedies, and this lawsuit followed. (Doc. 1.)

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Consequently, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

When deciding whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553,

1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id*.

### III. Discussion

Suchini raises two issues on appeal: (1) whether substantial evidence supports the ALJ's step-five finding, and (2) whether substantial evidence supports the ALJ's evaluation of Dr. Alfredo Mendoza. Each issue is addressed in turn.

**A. Step-Five Finding**

The ALJ found that an individual of Suchini's age, education, work experience, and RFC can perform at least three occupations: marker, garment sorter, and electrical accessories assembler. (Tr. 22-23.) This conclusion was based on testimony from a vocational expert ("VE"). Pertinent here, the VE explained that the Dictionary of Occupational Titles ("DOT") maintained by the Social Security Administration is silent about the extent of interaction

4

required for the occupations at issue, so the VE relied on her own experience in this area. (Tr. 61.)

When asked by Suchini's counsel whether the contact with supervisors, coworkers, and the public would be greater than occasional during the probationary or training period for these jobs, the VE testified:

> I would say that that might be a possibility. But it would not last the entire training period. I would say, you know, a supervisor maybe like give extra instructions, I would say, with maybe a week out of the – you know, out of the four during the training period. Again, if a person is not learning the task, then certainly it would be more than occasional. But again, if the person is learning the task, I don't think they would need more than a week, I would say.

(Tr. 63.)

Suchini argues a conflict exists between the VE's testimony and the DOT regarding the positions of marker, garment sorter, and electrical accessories assembler, and the ALJ had to identify and resolve the conflict under Social Security Ruling (SSR) 00-4p, and *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). (Doc. 18 at 5-9.)

To start, Suchini's reliance on *Washington* and SSR 00-4p is misplaced. These authorities provide only that when a VE's testimony conflicts with information in the DOT, the ALJ must solicit an explanation and "resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE … rather than on the DOT information." *Ballard v. Astrue*, No. 2:10-CV-765-FTM-29, 2012 WL 139205, at *2 (M.D. Fla.

5

Jan. 18, 2012). Here, as the VE explained, the DOT is silent about the extent of interaction required for the occupations at issue, so the VE relied on her own experience in this area (Tr. 61), which is proper. *See Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *2 (7th Cir. July 22, 2021) ("Because the Dictionary lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings, an ALJ may rely on an expert's testimony that provides more specific information about a job than the Dictionary based on the expert's experience.").

The VE's testimony that a supervisor might give extra instructions for "maybe a week" does not undermine the ALJ's conclusion that Suchini could perform work where such interaction was only occasional. *See Jonathan Daniel G. v. Saul*, No. 20 C 3160, 2022 WL 972407, at *2 (N.D. Ill. Mar. 31, 2022) (finding the "additional interaction that may be required of plaintiff during the brief training period" does not exceed a residual functional capacity calling for limited interaction with others); *Dean v. Berryhill*, No. 1:17-CV-01297-BAM, 2019 WL 1170479, at *5 (E.D. Cal. Mar. 13, 2019) (upholding ALJ decision where the "VE suggested that during the training time, there may be more than occasional contact with a supervisor"); *see also Torres v. Comm'r of Soc. Sec.*, No. CV 14-6178, 2015 WL 8328346, at *6-7 (D.N.J. Dec. 8, 2015) ("Plaintiff cites no support for his position that a limitation to occasional

6

interaction with supervisors (during a probationary period or otherwise) necessarily directs a finding of disability … Indeed, courts routinely find that an individual can perform unskilled work in the national economy, despite a limitation to only occasional interaction with coworkers, supervisors, and the public."); *Wright v. Comm'r of Soc. Sec.*, No. 1:12CV1103, 2013 WL 3873947, at *3 (N.D. Ohio July 25, 2013) ("[U]nder Plaintiff's theory, every single time an individual is limited to superficial interactions with others, the result would require an ALJ to determine that the claimant is entitled to benefits since training for a job necessarily involves more than superficial interaction with others. Such a result is untenable.").

Further, the VE's testimony that "if a person is not learning the task, then certainly [interaction] would be more than occasional" (Tr. 63) also does not undermine the ALJ's conclusion. Suchini has not pointed to any evidence suggesting she could not follow the "simple instructions" (Tr. 16) required to learn the occupations identified by the VE. On the contrary, mental status examinations showed average intelligence, fully oriented cognition, good attention, good insight and judgment, and normal activities of daily living that required Suchini to "handle some limited social interaction[] and complete basic, familiar mental tasks." (Tr. 19-20 citing Tr. 360, 364, 368, 372, 505, 508, 512, 518, 522, 526, 609, 612, 614, 816, 822, 826, 883- 84, 895, 905, 909, 1119, 1127, 1137, 1144, 1203, 1206, 1212, 1215).)

Finally, Suchini claims that the VE's testimony is so ambiguous and subject to opposing interpretations that remand is required for clarification. (Doc. 22 at 2.) When "internal conflict and ambiguity" in "the VE's testimony make[s] it unclear whether [a claimant] was employable or not," the ALJ should resolve that conflict. *See Wallace v. Barnhart*, 256 F. Supp. 2d 1360, 1374-75 (S.D. Fla. 2003). The Court is not convinced. The VE's testimony is not so ambiguous as to cast doubt on the ALJ's conclusions.

### B. Dr. Mendoza's Opinion

As mentioned, Suchini challenges the ALJ's assessment of a medical opinion. "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). When confronted with a medical opinion, the ALJ must consider its persuasiveness using several factors: (1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other factors. *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *1 (M.D. Fla. Jan. 10, 2023).

Supportability and consistency "are the most important factors" in determining persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ must explain "how [she] considered the supportability and consistency factors for [each] medical source's medical opinions." *Id*. Put

8

simply, the ALJ must assess the factors of supportability and consistency for each medical opinion. *Thomas v. Comm'r of Soc. Sec.*, No. 6:21-CV-100-EJK, 2022 WL 14816626, at *2 (M.D. Fla. Aug. 3, 2022).

"Supportability" refers to whether the doctor's medical opinion finds support within the "objective medical evidence" they cite. 20 C.F.R. § 404.1520c(c)(1). "Consistency" is a measure of how the medical opinion aligns with evidence from other sources (medical and nonmedical). *Id.* § 404.1520c(c)(2). To state the obvious, a medical opinion is more persuasive if it is supported by the doctor's own evidence and consistent with the remaining record.

Dr. Mendoza completed a Gastrointestinal Questionnaire noting that Suchini's ulcerative colitis is unpredictable and can flare up at any time; frequently interferes with attention and concentration; is triggered by stress, precluding Suchini from even low-stress jobs; requires Suchini to have ready access to a restroom; limits her from sitting, standing, or walking 2 hours in a workday; and would result in absenteeism from the workplace more than three times per month. (Tr. 945-50.) Dr. Mendoza noted ulcerative colitis is a chronic, inflammatory bowel disease that causes inflammation in the digestive tract, and stress can trigger flare-ups. (Tr. 947.) Symptoms include chronic diarrhea, bloody diarrhea, abdominal pain and cramping, abdominal distention, peripheral arthritis, fatigue, and mucus in stool. (Tr. 945.) The ALJ found the opinion of Dr. Mendoza unpersuasive because "it is not well-supported by the

referenced objective medical evidence, which does not suggest such extreme physical functional limitation." (Tr. 21-22.)

The ALJ discussed Dr. Mendoza's opinions and contrasted them with evidence that undercut his conclusions. For instance, the ALJ cited records where Suchini reported improvement with (or a lack of) symptoms associated with severe colitis. (Tr. 22, 449, 453.) While this evidence may not be enough to satisfy Suchini, it is sufficient under the standard of review applicable here. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021) (finding the ALJ's consideration of a medical opinion sufficed where it "set[ ] forth specific citation to the record" and indirectly addressed the supportability and consistency factors); *Harner v. Saul*, No. 4:19-CV-01808-MHH, 2021 WL 1208866, at *17 (N.D. Ala. Mar. 31, 2021) (upholding AJL's rejection of medical opinion where he cited to "specific pieces of inconsistent evidence in the record").

The ALJ also addressed both supportability and consistency. (Tr. 21-22.) The ALJ cited Dr. Mendoza's treatment records (Tr. 22, 335-37, 332-33, 426-27, 429-31, 659-61, 723-28) and noted that these records generally demonstrated good control of digestive symptoms with treatment, which was "inconsistent with [Suchini's] allegations of disabling physical functional limitation." (Tr. 17, 19, 21-22). This evidence goes towards consistency. The ALJ further explained that Dr. Mendoza's opinions diverged from the other

10

records where she reported improvement or lack of symptoms. (*See, e.g.*, Tr. 22, 449, 453.) This evidence goes towards supportability. Because the ALJ "articulated the evidence affecting … supportability and consistency," her decision to reject Dr. Mendoza's opinions stands. *Cook*, 2021 WL 1565832, at *5.

"[C]onclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Mercado*, 2023 WL 145154, at *5. That said, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence." *Marone v. Comm'r of Soc. Sec.*, No. 2:14-CV-616-FTM-CM, 2016 WL 1253575, at *7 (M.D. Fla. Mar. 31, 2016). What matters is whether "a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of [the] medical opinions." *Works v. Saul*, No. 4:19-CV-01515-MHH, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021). There is enough here for meaningful review.

The ALJ discussed Suchini's testimony and subjective complaints, the medical treatment records, and the consultative exams. (Tr. 17-22.) Then, in assessing Dr. Mendoza's opinions, the ALJ referred to the record as already outlined and recited reasons for discounting his conclusions. Nothing more is needed, and the evidence cited is sufficient.

"The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence."

11

*Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020). Given this low bar, the Court must affirm. The ALJ cited a myriad of medical evidence that undermines (if not outright conflicts) with Dr. Mendoza's opinions. For instance, Suchini reported that her colitis was under control and consistently had normal exam findings. (*See, e.g.*, Tr. 18-19, 660, 663, 725, 1052.) The state-agency medical exam also discounted her digestive symptoms with citations to supporting medical records. (*Id.* at 21.) While a different factfinder could have credited Suchini's contrary evidence, the Court's role here is not to reweigh the record. *See, e.g., Martinez v. Saul*, No. 620CV00807ORLDCI, 2021 WL 3550347, at *3 (M.D. Fla. Aug. 11, 2021).

Suchini also accuses the ALJ of "substitute[ing] her judgment for that of the medical and vocational experts." (Doc. 18 at 13.) To be sure, an ALJ cannot play doctor by interjecting her own opinions. But an ALJ does not assume the role of a doctor by sorting through conflicting evidence to assess a medical opinion, which is all we have here. *See, e.g., Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007) (holding that the ALJ did not substitute his judgment for the doctor; he found the opinion inconsistent with the record evidence and then assessed the RFC based on the record).

That leaves one final issue. Suchini argues the ALJ's errors were not harmless. (Doc. 18 at 8.) But harmlessness only comes to bear if there is an error. Suchini has shown none, making this argument moot.

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Ana Suchini and close the file.

**ORDERED** in Fort Myers, Florida on March 26, 2025.

Kyle C. Dudek
United States Magistrate Judge